FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

99 DEC -9 AM 9:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

JIMMY L. BALES and SCARLETT D. CLAYTON,

    Appellants,

vs.

SIGNAL BANK, N.A.,

    Appellee.

CV-99-N-2065-NE

ENTERED

DEC - 9 1999

### Memorandum of Opinion

### I. Introduction.

The sole question presented on this appeal from the order of the Bankruptcy Court is whether that court abused its discretion when, on April 2, 1999, it vacated its previous order by which it had extended the time for Bales and Clayton's ("debtors") to file a notice of appeal and then denied their motion to extend the time to appeal.

In September of 1998 debtors' attorney, Stuart Moore ("Moore"), underwent a kidney/pancreas transplant. On February 1, 1999, as a result of complications from the transplant surgery, Moore developed a severe case of hematuria, and was hospitalized from February 2, 1999 to February 10, 1999. A week later, on February 17, 1999, the bankruptcy court held a hearing on the debtors' motions to modify Schedule B and amend the statement of financial affairs, as well as Signal Bank's objections. Mr. Moore was present and was heard at that hearing. On February 19, 1999 the court entered an order denying the debtors' motions. On March 2, 1999, eleven days after the entry of the order, the debtors filed a motion to extend the time for them to file a notice of appeal and a notice



of appeal. The debtors argued that the extension should be granted because Moore could not work full time as a result of his medical complications. The bankruptcy court initially granted the debtors' motion for extension of time without hearing from any creditors. However, upon Signal Bank's motion to vacate, the court vacated its previous order and denied the debtors' motion for a one-day extension of time to appeal, finding no excusable neglect. On April 12, 1999, the debtors filed their notice of appeal to this court.

## II.   Standard.

When reviewing decisions of bankruptcy courts, district courts function as tribunals of appellate jurisdiction, applying the same standards applicable to appellate review in other cases. *Deramus v. The Bank of Prattville*, 180 B.R. 665, 667 (M.D. Ala. 1995). Findings of fact by the Bankruptcy Judge must be accepted by this court unless they are clearly erroneous, giving due regard to the opportunity of the court below to judge the credibility of the witnesses first hand. *Federal Landbank of Jackson v. Cornelison*, 901 F.2d 1073 (11th Cir. 1990). The deference due the bankruptcy court's factual findings, however, is not applicable to its conclusions of law. On such conclusions, this court's review is *de novo*. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990). Finally, an appellate court reviews a rejection of a claim of excusable neglect in the late filing of a notice of appeal for abuse of discretion. *See e.g., Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198, 1202 (11th Cir. 1999); *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997); *Zipperer v. The School Board of Seminole County, Florida*, 111 F.3d 847, 849 (11th Cir. 1997); *Baker v. Raulie,* 879 F.2d 1396, 1399 (6th Cir. 1989). A court has abused its discretion only if the reviewing court is "left with the definite and firm conviction

2

that a mistake has been committed." *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993). In this matter the court finds no such error.

## III. Discussion.

FED. R. BANKR. P. 8002(a) requires that a notice of appeal be filed within ten days of the order from which an appeal is taken. However, FED. R. BANKR. P. 8002(C) provides a limited exception where the bankruptcy court may enlarge the time for filing a notice of appeal. It provides in part,

> [a] request to extend the time for filing a notice of appeal must be made before the time for filing a notice fo appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice may be granted upon a showing of excusable neglect.

Fed. R. Bankr. P. 8002(c). "Neglect" may include negligence or situations where a late filing was caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993). Whether, in fact, it is "excusable" is an equitable determination, "taking account of all the relevant circumstances surrounding the party's omission." *Id.* at 395. Although excusable neglect is a flexible concept that could include inadvertent delays, in most circumstances, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Id.* at 391. The four factors used to guide the court's determination are: "the danger of prejudice to [the other party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

3

The debtors assert that by failing to consider all the elements of excusable neglect set out in *Pioneer*, the Bankruptcy Court failed to apply the proper standard on this issue. The court recognizes that in *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996), a case directly addressing the *Pioneer* excusable neglect factors, the Eleventh Circuit stated that the application of an incorrect legal standard is an abuse of discretion, and therefore remanded the case to the district court. In *Riney*, the district court applied the "unique circumstances" standard of excusable neglect rather than the "more forgiving" standard of *Pioneer*. In the present matter, it is not entirely clear that the bankruptcy judge considered the *Pioneer* factors; the record suggests that he did, unlike the lower court in *Riney*. Moreover, the debtors addressed the *Pioneer* factors in their brief to the bankruptcy court and their counsel, Mr. Moore, specifically addressed them at oral argument. Although the court in *Riney* decided that remand was appropriate, under the special circumstances present here, and in the interests of judicial economy, remand will not be necessary[1].

The first factor, the danger of prejudice to Signal Bank, weighs in favor of the debtors. Although Signal Bank asserts that it suffered prejudice by the untimely appeal, simply filing the appropriate notice one day out of time, such as the case here, does not rise to the requisite level of prejudice to be considered inexcusable neglect.[2] Likewise,

---

[1] As stated in *Riney*, *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996), establishes that an appeals court may apply the *Pioneer* standard in the first instance. *See e.g., Walter*, 181 F.3d at 1201-02.

[2] Certainly, the bankruptcy court found that Signal had been prejudiced by the failure to the debtors to include their claim against it when they filed their bankruptcy petition, but that prejudice was not exacerbated by the debtors' failure to file a timely appeal.

4

there is no indication that the one day delay had any potential impact on judicial proceedings. Briefly skipping the third factor, the reason for the delay, and examining the fourth factor, nothing articulated by either party suggests that the late filing was done in bad faith.

However, addressing the third factor, the reason for the delay, the Court finds that Moore had the opportunity and was capable of filing a timely notice of appeal. Moreover, it was well within his control to have filed the notice on time. According to the debtors, the reason for the late filing was Moore's medical condition, namely suffering from hematuria, and his hospitalization from February 2-9, 1999. The court acknowledges that Mr. Moore's illness was a serious one, but it did necessarily prevent him from performing his duties to his clients. For example, Moore attended and presented oral argument at the bankruptcy court's February 17, 1999 hearing, kept office hours during this time, and had a support staff which assisted in running his law office. In addition, Moore obviously had the ability to compose and file motions. On March 1, 1999, which is within the requisite ten day appeal period at issue, he filed a petition for writ of mandamus to the Alabama Supreme Court concerning an action in the Circuit Court of Cullman County, which incidently involved these same parties. The debtors offer no reason, and the Court finds none, why he could not have prepared and filed a notice of appeal when he was preparing and filing his petition to the Supreme Court. After all, a notice of appeal may be the least complex and difficult pleading ever filed by any lawyer in any case.

The Eleventh Circuit has not directly addressed the issue of when a medical condition rises to the level of excusable neglect. As for the existing case law, Moore's

5

conduct was not the type of "innocent oversight" usually associated with excusable neglect. *See e.g., Walter,* 181 F.3d at 1201 (excusable neglect for delay attributed to former secretary's failure to record applicable deadline); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1999) (excusable neglect when delay was caused by a miscommunication between two attorneys); *Zipperer,* 111 F.3d at 849 (appellant's reliance on the normal delivery of mail constituted excusable neglect). However, unlike *Advanced Estimating Systems., Inc. v. Riney,* 130 F.3d 996, 999, (11th Cir. 1997), where the court found no excusable neglect, Moore's missing the deadline was not due to his failure to understand the plain language of a rule.

Although three of the *Pioneer* factors weigh in the debtors' favor, the court is satisfied that Moore's neglect is not the type that comes within the meaning of "excusable neglect." When a party misses a filing date by one date, the majority of the *Pioneer* factors will always weigh in favor of the movants. To end the inquiry there, however, would effectively amend the rule to make the appeal time eleven days instead of ten. If that is to be done, there are other bodies that must accomplish it. This court will, instead, scrutinize the one remaining factor more closely. If the court allowed the debtors to file their appeal out of time here, it would have the effect of sanctioning counsel's neglect of his clients' affairs. In order to demonstrate "excusable neglect" the debtors must point to some factor that at least inhibited counsel's ability to file the notice in a timely fashion. This, they have failed to do.

## IV. Conclusion.

The court acknowledges the seriousness of Moore's condition, as well as the limited prejudicial effect and lack of bad faith which accompanied the debtors' motion for extension of time to file an appeal. Nevertheless, the reason for the delay was Moore's inadvertence unaccompanied by any factor that constrained his ability to act promptly. Upon review, the court is not left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge. Accordingly, the dilatory filing cannot be absolved as excusable neglect, and the decision of the bankruptcy judge will be affirmed.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 8th of December, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE